**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00098-MR-DLH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **TYRIUS EUGENE SMITH,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Dismiss Indictment. [Doc. 12]. The Government filed a response to the Defendant's motion [Doc. 13] and the Defendant replied to this response [Doc. 14]. After hearing on the Motion was held, the parties submitted additional briefs. [Docs. 17, 18].

**I.     PROCEDURAL BACKGROUND**

On August 1, 2017, Defendant Tyrius Eugene Smith ("Defendant") was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. Defendant's initial appearance and arraignment were held on August 18, 2017, at which time Defendant appeared with appointed counsel and pled not guilty to these charges. On

October 2, 2017, Defendant filed the instant motion to dismiss both counts of the indictment pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, which provides for the dismissal of an indictment on failure to state an offense. [Doc. 12]. Count One of the indictment charges that, in violation of 18 U.S.C. § 922(g)(1):

> On or about November 26, 2016, in Buncombe County, within the Western District of North Carolina. The defendant[,] <u>having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year</u>, did knowingly and unlawfully possess in and affecting commerce a firearm and ammunition, that is, a Keltec P11, 9mm pistol.

[Doc. 1 at 1 (emphasis added)]. Count Two charges that, in violation of 18 U.S.C. § 922(g)(1):

> On or about January 17, 2017, in Buncombe County, within the Western District of North Carolina. The defendant[,] <u>having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year</u>, did knowingly and unlawfully possess in and affecting commerce a firearm, that is, a Taurus PT709 Slim, 9 mm pistol and 11 rounds of 9mm ammunition.

[Doc. 1 at 1-2 (emphasis added)]. Defendant argues and it appears to the Court that the only putative conviction on which these two counts of possession of a firearm by a convicted felon could have been based was a guilty plea by Defendant on January 26, 2016 in the District Court of

2

Buncombe County, North Carolina, to felony Larceny by Employee in violation of N.C. Gen. Stat. § 14-74 pursuant to a conditional discharge adjudication. [See Doc. 12-1 at 1-6]. The Defendant does not contest that the maximum punishment for this offense, which is a Class H felony, exceeds 12 months. [Doc. 12-1 at 1, 4, 5]. As such, it is "a crime punishable by imprisonment for a term exceeding one year." See 18 U.S.C. § 922(g)(1). The Conditional Discharge provides, "[t]he Court, without entering judgment of guilt, Orders that further proceedings in this matter be deferred and places the defendant on supervised probation for 24 months…." [Doc. 12-1 at 1].

On November 20, 2017, hearing was held on Defendant's Motion and the Court ordered supplemental briefing by the parties. [Docs. 17, 18]. Having been heard and fully briefed by the parties, the matter is ripe for adjudication.

## II.  ANALYSIS[1]

The issue before the Court is whether, as a matter of law, a conditional discharge is considered a conviction for purposes of 18 U.S.C. § 922(g)(1). Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides "[a] party

---

[1] Defendant's motion technically cites Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, which "tests whether the indictment sufficiently charges the offense set forth against the defendant." United States v. Campbell, No. 5:14-cr-98-F-1, 2014 WL 7405763, at *1 (E.D.N.C. Dec. 30, 2014) (Fox, J.) (citing United States v. Brandon, 150 F.Supp.2d 883, 884 (E.D.Va. 2001)). The Court, however, considers the motion under Rule 12(b)(1).

may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "Although there is no provision for summary judgment in the Federal Rules of Criminal Procedure," "circuit courts have almost uniformly concluded [that] a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Weaver, 659 F.3d 353, at *n (4th Cir. 2011) (citing United States v. Flores, 404 F.3d 320, 325 (5th Cir. 2005); United States v. Yakou, 428 F.3d 241, 247 (D.C. Cir. 2005) (citations omitted)); see United States v. Treacy, 677 Fed.Appx. 869, 874 (4th Circ. 2017) (endorsing Weaver). In Weaver, the Fourth Circuit reviewed the district court's consideration of the "purely legal question" of interpreting subsection (h) of § 922 and noted "[t]here is no good reason to force the court to incur the expense and delay of a trial that would inevitably lead to the same outcome as its pretrial ruling." 659 F.3d at *n. The same considerations operate here. Further, as in Weaver, the Government does not challenge the trial court's authority to decide this motion and does not dispute the pertinent facts. See id. As such, the Court decides, as a matter of law, whether a conditional discharge under N.C.G.S. § 15A-1341(a4) operates as a conviction of "a crime punishable by

4

imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g)(1).

The law of the State of North Carolina determines whether the conditional discharge at issue constitutes a conviction. 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). See United States v. Walters, 359 F.3d 340, 344 ("[T]he language of § 921(a)(20) is clear in its indication of Congress's intent to incorporate state law."). Under North Carolina law, it is firmly established that a plea of guilty is equivalent to a conviction. State v. Sidberry, 337 N.C. 779, 782, 448 S.E.2d 798, 800 (1994) ("It is settled law in this State that a plea of guilty, freely, understandingly, and voluntarily entered, is equivalent to a conviction of the offense charged."). See also Harrell v. Scheidt, 243 N.C. 735, 744, 92 S.E.2d 182, 188 (1956) ("A plea of guilty is equivalent to a conviction.") (Internal quotation marks and citations omitted); State v. McCree, 160 N.C. App. 200, 203, 584 S.E.2d 861, 864 (2003) ("It is well established that a plea of guilty is equivalent to a conviction….") (citation omitted). This is because "[a] plea of guilty, when accepted, being the equivalent of a conviction, no evidence of guilt is required and no verdict of a jury is required as a

5

prerequisite to the imposition of a lawful sentence." State v. Shrader, III, 290 N.C. 253, 262, 225 S.E.2d 522, 529 (1976). State v. Wilson, 251 N.C. 174, 175, 110 S.E.2d 813, 814 (1959) ("Defendant's plea of guilty was equivalent to a conviction of the offense charged and no other proof of guilt was required."). As such, a "conviction" is that which allows for the imposition of a lawful sentence. This threshold has been clearly defined in N.C. Gen. Stat. § 15A-1331(b), which reads "[f]or the purpose of imposing sentence, a person has been convicted *when he has been adjudged guilty* or has *entered a plea of guilty* or no contest." N.C.G.S. § 15A-1331(b) (emphasis added). Section 15A-1331(b) has been interpreted to mean "that formal entry of judgment is not required in order to have a conviction." State v. Rivens, 198 N.C. App. 130, 136, 679 S.E.2d 145, 150 (2009) (citations omitted); State v. Graham, 149 N.C. App. 215, 220, 562 S.E.2d 286, 289 (2002) (citation omitted). Thus, a Defendant has been "convicted" if he has been adjudicated guilty OR pleaded guilty. Defendant's conditional discharge judgment clearly shows that he was not adjudicated guilty ("The Court, without entering a judgment of guilt, orders…"), but does show that he "pled guilty." As such, the Defendant was convicted of the offense within the meaning of N.C. Gen. Stat. § 15A-1331(b).

Defendant points to North Carolina's equivalent felon-in-possession statute, N.C. Gen. Stat. § 14-415.1. Defendant argues that this statute's definition of "conviction" [2] should apply to determine whether the conditional discharge at issue constitutes a predicate conviction under 18 U.S.C. § 922(g). [Doc. 12 at 3-5]. Whether a conditional discharge would qualify as a predicate conviction for the State felon-in-possession statute, however, is not the relevant inquiry. See Walters, 359 F.3d at 345 ("Nowhere does the federal firearm law limit its applicability to the parameters of the state firearm law."). The relevant inquiry, rather, is whether the conditional discharge at issue is considered a conviction under North Carolina law such that it would qualify as a predicate conviction under the federal felon-in-possession statute. See 18 U.S.C. § 921(a)(20); Walters, 359 F.3d at 344. Under North Carolina law, a guilty plea constitutes a conviction regardless of whether there has been an entry of final judgment thereon. See, generally, Sidberry, Wilson, Schrader, Scheidt, and McCree. Therefore, the Defendant, having pled guilty in order to obtain his conditional discharge judgment, has been

---

[2] For the purposes of the State felon-in-possession statute, Section 14-415.1 defines "conviction" as "a <u>final judgment</u> in any case in which felony punishment, or imprisonment for a term exceeding one year, as the case may be, is authorized, without regard to the plea entered or to the sentence imposed." N.C.G.S. § 14-415.1(b) (emphasis added). Defendant argues that this definition and, therefore, the requirement of a final judgment, controls whether a conditional discharge under N.C. Gen. Stat. § 15A-1341(a4) is considered a "conviction."

7

convicted of the offense of Larceny by Employee. It is undisputed that this offense carries a maximum term of imprisonment of more than one year. Therefore, under North Carolina law, Defendant was convicted of a felony within the meaning of 18 U.S.C. § 922(g). Accordingly, Defendant's motion to dismiss should be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Indictment [Doc. 12] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 12, 2018

Martin Reidinger
United States District Judge